IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRANCE MAIR, KA-8798,  )
    Petitioner,  )
      )
    v.  ) 2:11-cv-923
      )
DISTRICT ATTORNEY OF THE COUNTY OF  )
ALLEGHENY, et al.,  )
    Respondents.  )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Terrance Mair for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Terrance Mair, an inmate at the State Correctional Institution at Pittsburgh has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Mair has presented what he denominates a "42 U.S.C. §1983 Civil Rights Complaint" in which he alleges that on April 23, 2010 he was arrested in Allegheny County on charges of burglary, robbery, kidnapping, aggravated assault and criminal conspiracy at No. CP-02-CR-2081-2010; that as a result of his arrest his Equal Protection rights were violated and that as a result, "due to the clear Discriminatory Intent wrought against Mr. T. Mair['s] civil rights and the fact that Michael Hughes counsel for Mr. T. Mair witnesses to these civil violations. [Petitioner] is at this time requesting that all such criminal charges by dismissed without prejudice." That is, although seeming to file a civil rights complaint, in fact, what the petitioner seeks here is a

1

dismissal of the criminal charges against him and thus he is seeking habeas corpus relief. Preiser v. Rodriguez, 411 U.S. 475 (1973).[1]

The docket of the Court of Common Pleas of Allegheny County[2] reflects that on November 15, 2010, the petitioner entered pleas of guilty to charges of burglary, robbery, kidnapping for ransom, aggravated assault, illegal use of an access device and criminal conspiracy at No. CP-02-CR-2081-2010 in the Court of Common Pleas of Allegheny County; that on May 18, 2011 he was sentenced to a 179-384 month period of incarceration and that on June 1, 2011 an appeal was taken to the Superior Court where it is presently pending.

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, supra.; Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental

---

[1] We note that if Mair desires to pursue a §1983 suit, he can request the appropriate forms from the Clerk of Court.
[2] See: http://ujsportal.pacourts.us at CP-02-CR-2081-2010.

miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

That is, the state court determination must be objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855 (2010).

In the instant case, it is readily apparent that there petitioner has not exhausted the remedies available to him in the courts of the Commonwealth nor is there any demonstration that he is being barred from pursuing those remedies, and that for this reason his petition here is premature. Accordingly, it is recommended that the petition of Terrance Mair for a writ of

habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell

Filed: October 5, 2011

United States Magistrate Judge